ERIC J. TROUTMAN (State Bar No. 229263)
ejt@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA  92612
Telephone:   (949) 442-7110
Facsimile:    (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:   (415) 398-3344
Facsimile:    (415) 956-0439

Attorneys for Defendant
WELLS FARGO AUTO FINANCE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ALLEN, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO AUTO FINANCE, INC.,<br><br>Defendant. | Case No.:  3:10-cv-02657-W-JMA<br>Hon. Thomas J. Whelan<br>Ctrm. 7<br><br>*- CLASS ACTION -*<br><br>**DEFENDANT WELLS FARGO AUTO FINANCE, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed:    December 23, 2010 |

1    Defendant WELLS FARGO AUTO FINANCE, INC., ("Defendant") hereby answers the

2    Class Action Complaint filed on December 23, 2010 (the "Complaint") by Plaintiff Danny Allen,

3    Jr. ("Plaintiff"), as follows:

4    1.    Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports

5    to assert claims for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

6    (the "TCPA").  Except as expressly admitted, Defendant denies each and every other allegation

7    set forth therein.

8    2.    Answering Paragraph 2 of the Complaint, Defendant admits that this Court has

9    jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  Except as expressly admitted,

10   Defendant denies each and every other allegation set forth therein.

11   3.    Answering Paragraph 3 of the Complaint, Defendant consents to jurisdiction and

12   venue in this Court.  Except as expressly admitted, Defendant denies each and every other

13   allegation set forth therein.

14   4.    Answering Paragraph 4 of the Complaint, Defendant is without sufficient

15   knowledge or information to form a belief as to the truth of the allegations, and on that basis

16   denies each and every allegation set forth therein.

17   5.    Answering Paragraph 5 of the Complaint, Defendant denies each and every

18   allegation set forth therein.

19   6.    Answering Paragraph 6 of the Complaint, Defendant is without sufficient

20   knowledge or information to form a belief as to the truth of the allegations, and on that basis

21   denies each and every allegation set forth therein.

22   7.    Answering Paragraph 7, Defendant denies each and every allegation set forth

23   therein.

24   8.    Answering Paragraph 8, Defendant denies each and every allegation set forth

25   therein.

26   9.    Answering Paragraph 9 of the Complaint, Defendant denies each and every

27   allegation set forth therein.

28

- 2 -

10.     Answering Paragraph 10, Defendant denies each and every allegation set forth therein.

11.     Answering Paragraph 11, Defendant is without information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, denies each and every allegation set forth therein.

12.     Answering Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

13.     Answering Paragraph 13, Defendant denies each and every allegation set forth therein.

14.     Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

15.     Answering Paragraph 15 of the Complaint, Defendant denies each and every allegation set forth therein.

16.     Answering Paragraph 16 of the Complaint, Defendant denies each and every allegation set forth therein.

17.     Answering Paragraph 17 of the Complaint, Defendant denies each and every allegation set forth therein.

18.     Answering Paragraph 18 of the Complaint, Defendant admits that it received a correspondence from Plaintiff on the date stated but denies each and every allegation set forth therein.

19.     Answering Paragraph 19 of the Complaint, Defendant denies each and every allegation set forth therein.

20.     Answering Paragraph 20 of the Complaint, Defendant denies each and every allegation set forth therein.

21.     Answering Paragraph 21 of the Complaint, Defendant denies each and every allegation set forth therein.

- 3 -

22.     Answering Paragraph 22 of the Complaint, Defendant denies each and every allegation set forth therein.

23.     Answering Paragraph 23 of the Complaint, Defendant denies each and every allegation set forth therein.

24.     Answering Paragraph 20(2) of the Complaint, Defendant admits that Plaintiff purports to represent other class members, but denies each and every allegation set forth therein.

25.     Answering Paragraph 21(2) of the Complaint, Defendant denies each and every allegation set forth therein.

26.     Answering Paragraph 22(2) of the Complaint, Defendant denies each and every allegation set forth therein.

27.     Answering Paragraph 23(2) of the Complaint, Defendant denies each and every allegation set forth therein.

28.     Answering Paragraph 24 of the Complaint, Defendant denies each and every allegation set forth therein.

29.     Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation set forth therein.

30.     Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation set forth therein.

31.     Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation set forth therein.

32.     Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation set forth therein.

33.     Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation set forth therein.

34.     Answering Paragraph 30 of the Complaint, Defendant incorporates all of the preceding Paragraphs of this Answer as if fully set forth herein.

35.     Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation set forth therein.

- 4 -

36.     Answering Paragraph 32 of the Complaint, Defendant incorporates all of the preceding Paragraphs of this Answer as if fully set forth herein.

37.     Answering Paragraph 33 of the Complaint, Defendant incorporates all of the preceding Paragraphs of this Answer as if fully set forth herein.

38.     Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation set forth therein.

39.     Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation set forth therein.

40.     Answering Paragraph 36 of the Complaint, Defendant incorporates all of the preceding Paragraphs of this Answer as if fully set forth herein.

41.     Answering Paragraph 37 of the Complaint, Defendant incorporates all of the preceding Paragraphs of this Answer as if fully set forth herein.

42.     Answering Paragraph 38 of the Complaint, Defendant denies each and every allegation set forth therein.

43.     Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation set forth therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendant asserts the following further and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to sue Defendant, and to represent any supposed class members on any claim against Defendant.

- 5 -

### THIRD AFFIRMATIVE DEFENSE

### (Procedural and Substantive Due Process Rights)

The imposition of statutory damages under the TCPA against Defendant would violate the due process provisions of the United States Constitution and/or the California State Constitution.

### FOURTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

The award of statutory penalties against Defendants would violate the prohibition against excessive fines of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Applicable statutes of limitations, including, without limitation, 28 U.S.C. § 1658, bar the claims of Plaintiff, or any persons he purports to represent.

### SIXTH AFFIRMATIVE DEFENSE

### (Arbitration Provision/Class Waiver)

Plaintiff has waived his right to act as a representative for the purported class and his claim is governed by an arbitration agreement compelling Plaintiff to arbitrate this dispute, as an individual and not on a class basis.

### SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff is barred, in whole or in part, from maintaining his alleged causes of action because he consented to receive calls of the type he alleges that Defendant caused to be sent to him.

### EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

07685/0869/890815.1

ANSWER TO COMPLAINT
Case No.: 3:10-cv-02657-W-JMA

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff is barred from recovery by the doctrine of laches because Plaintiff, and/or class members, knew of the purported acts or omissions he ascribes to Defendant and was fully aware of his rights against Defendant (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred in whole or in part as a result of his failure to mitigate his alleged damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is precluded from any recovery from Defendant, or any such recovery must be reduced, as a result of Plaintiff's failure to do equity in the matters alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant expressly reserve the right to assert such other and further affirmative defenses as may be appropriate.

07685/0869/890815.1

1

## **PRAYER**

2      WHEREFORE, Defendant requests the following relief:

3      (1)      That Plaintiff's Complaint be dismissed with prejudice;

4      (2)      That Plaintiff takes nothing by virtue of the Complaint;

5      (3)      That Judgment be entered in Defendant's favor;

6      (4)      That the Court award Defendant its fees, expenses and costs to the full extent

7  permitted by law; and

8      (5)      That the Court award such other relief as is just and proper under the

9  circumstances.

10

11  DATED:  February 22, 2011                      SEVERSON & WERSON
                                                   A Professional Corporation
12

13
                                                   By:_____/s/ Eric J. Troutman_____
14                                                        ERIC J. TROUTMAN
                                                   Attorneys for Defendant
15                                                 WELLS FARGO AUTO FINANCE, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

## CERTIFICATE OF SERVICE

1
     I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am

2
employed in the City of Irvine, California; my business address is Severson & Werson, The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612.

3
     On the date below I served a copy, with all exhibits, of the following document(s):

4
**DEFENDANT WELLS FARGO AUTO FINANCE, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

5
on all interested parties in said case addressed as follows:

6
Joshua B. Swigart, Esq.       Attorneys for Plaintiff
Robert L. Hyde, Esq.         DANNY ALLEN, JR.

7
HYDE & SWIGART          Telephone: (619) 233-7770
411 Camino Del Rio South, Suite 301  Facsimile: (619) 297-1022

8
San Diego, CA 92108-3551     josh@westcoastlitigation.com
                           bob@westcoastlitigation.com

9
Abbas Kazerounian, Esq.     Attorneys for Plaintiff
KAZEROUNI LAW GROUP, APC    DANNY ALLEN, JR.

10
2700 North Main Street, Suite 1050  Telephone: (800) 400-6808
Santa Ana, CA 92866         Facsimile: (800) 520-5523
                           ak@kazlg.com

11
☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business

12
practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is

13
deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

14
☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons

15
listed above and providing them to a professional messenger service for delivery.

16
☐ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

17
☐ **(BY EXPRESS MAIL)** By placing the above documents in the United States mail for Express Mail delivery at The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612, in a sealed

18
envelope addressed as above, with Express Mail postage thereon fully prepaid.

19
☐ **(BY FAX)** By use of facsimile machine telephone number (949) 442-7118, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

20
☒ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user

21
constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed

22
above who are registered with the Court's EC/ECF system.

23
☐ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above documents(s) via electronic transmission (e-mail) at _____ am./pm. using e-mail address (____@severson.com) to the e-mail address designed for each party identified above. I did not receive, within a reasonable

24
time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

25
     I declare under penalty of perjury under the laws of the United States of America that the

26
foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Irvine,

27
California, on February 23, 2011.

28
Jeffrey S. Weddle